J-A06011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RICHARD EDWARD WEBER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANISSA WEBER | : | No. 1178 WDA 2022 |

Appeal from the Order Entered September 26, 2022
In the Court of Common Pleas of Erie County Civil Division at No(s):
13419-17

BEFORE:   OLSON, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED:  May 22, 2023**

Appellant, Richard Edward Weber ("Father"), appeals *pro se* from the September 26, 2022 order granting the petition for special relief filed by Anissa Weber ("Mother") and dismissing Father's pleadings for lack of jurisdiction.  We affirm.

The facts and procedural history of this case are as follows. On December 8, 2017, Father filed a complaint for custody, seeking sole custody of Mother's and Father's minor child (hereinafter, "Child").  Father's Complaint for Custody, 12/8/17, at *1 and *3 (unpaginated).  A custody order was entered on January 8, 2018, pursuant to which Mother and Father acquired shared physical and legal custody of the Child.  Trial Court Order, 1/8/18, at *1-*4 (unpaginated).  Thereafter, between August 3, 2018 and May 22, 2019,

---

[*] Retired Senior Judge assigned to the Superior Court.

Father filed multiple petitions for contempt of the January 8, 2018 custody order, as well as multiple petitions for special relief, alleging Mother violated the January 8, 2018 custody order by relocating to New York and failing to share custody of the Child. **See** Father's Petition for Contempt of Custody Order, 8/3/18, at *1 (unpaginated); Father's Petition for Special Relief, 2/25/19, at *1-*3 (unpaginated), Father's Petition for Contempt of Custody Order, 2/25/19, at *1 (unpaginated); Father's Petition for Special Relief, 5/22/19, at *1-*3 (unpaginated).

On March 22, 2019, Mother filed a relocation notice in which she admitted she failed to notify the court of her permanent relocation to New York in September 2018 due to, *inter alia*, Father's incarceration. Mother's Relocation Notice, 3/22/19, at *1 and *3-4 (unpaginated). In addition, Mother stated that "family . . . matters [were] being addressed through the family courts of Chautauqua County, Mayville, [New York], under Judge Jeffrey Piazza."[1] **Id.** at *3. Thereafter, the trial court dismissed Father's various petitions due to "jurisdictional issues" with New York. **See** Trial Court Order, 3/25/19, at 1 (dismissing Father's petition for special relief and petition for contempt of custody order because "jurisdictional issues with New York exist which the parties are addressing with New York filings"); **see also** Trial Court Order 5/24/19, at 1 (rescinding a previous order granting Father relief

_____

[1] For clarity, we shall refer to the trial court in New York as "the New York court."

following his May 22, 2019 petition "based upon the Order of Protection issued in New York protecting the [C]hild").

Following the trial court's May 24, 2019 order, there was little to no activity in this matter until June 2022, when Father filed another petition for contempt of custody order and another petition for special relief. **See** Father's Petition for Contempt of Custody Order, 6/6/22, at 1; **see also** Father's Petition for Special Relief, 6/8/22, at 1. In both petitions, Father again argued that Mother failed to comply with the trial court's January 8, 2018 custody order when she relocated to New York. **Id.** In response to Father's petitions, the trial court ordered the parties to appear for a custody conciliation conference on August 15, 2022. Trial Court Order, 6/22/22, at 1.

On July 25, 2022, Mother filed a petition for special relief. Mother's Petition for Special Relief, 7/25/22, at *1-*3 (unpaginated). In her petition, Mother requested "that special relief be granted relating to [Father's] accusations of contempt of custody." **Id.** at *2. In support of her request, Mother claimed that Father has been incarcerated since September 2018 and that Father "continues . . . to [try to] reopen [the parties' custody] case" even though the New York court entered a custody order awarding Mother sole custody of the Child on November 20, 2019 (the "New York custody order"). **Id.** In light of Mother's petition, the trial court continued the August 15, 2022 hearing until September 23, 2022. Trial Court's Rule to Show Cause, 7/25/22, at 1.

On September 23, 2022, the trial court held a hearing on Mother's petition for special relief. At the outset, the court stated:

> This matter has to do with custody, but initially the [c]ourt needs to make a determination with regards to jurisdiction as there are questions that have been raised regarding jurisdiction. The way we are going to proceed is as follows: I will hear first from [Father]. He can tell me what his position is and what he believes is appropriate. And then, after I hear from [Father], I will hear from [Mother]. Thereafter, I will take this matter under advisement[.]

N.T. Hearing, 9/23/22, at 2. The court then directed Father to address the issue of jurisdiction. *Id.* Father, however, stated he would not "entertain [Mother's] [p]etition for [s]pecial [r]elief" due to lack of service. *Id.* at 3. Instead, Father addressed the issues raised in his various petitions. *Id.* at 4-7.

Thereafter, the trial court directed Mother to respond to Father's claims. At the outset, Mother disputed Father's allegation regarding lack of service, indicating that she had "the receipts for [her petition for special relief] with tracking," demonstrating that it was delivered to Father at his place of incarceration on August 23, 2022. *Id.* at 8. Then, as directed by the trial court, Mother explained the conditions of the New York custody order. *Id.* In particular, Mother stated the order awarded her sole custody of the Child, made provisions for Father's custodial rights following his release from prison, and specifically noted that the New York court "retain[ed] jurisdiction of all custody visitations and support . . . involving [the Child]." *Id.* When Mother

concluded, the trial court questioned her about the location of the Child. ***Id.*** at 9-10.

Ultimately, on September 26, 2022, the trial court entered an order that granted Mother's petition for special relief, dismissed all pending petitions, and canceled the custody trial scheduled for October 24, 2022 for lack of jurisdiction. Trial Court Order, 9/26/22, at 1. The trial court, in a footnote, explained its reasoning as follows.

> Without regard to intervening court proceedings in the state of New York, [Father], in June of this year, initiated proceedings at the above-captioned docket on the basis of a January 8, 2018 consent [o]rder of [c]ourt regarding custody of [the Child]. The evidence of record indicates that Father is attempting to circumvent the [New York custody order which] was entered with the agreement of Father's counsel [which awarded] Mother sole custody of [the Child. The Child] has not resided in Pennsylvania since 2017. She resides in New York, where she has continuously resided with Mother for the past four years.

***Id.*** at n.1. The trial court also attached the New York custody order to its September 26, 2022 order. ***See id.*** This timely appeal followed.

Appellant raises the following issue on appeal:[2]

_____

[2] Father's brief is woefully deficient and utterly fails to comply with our rules of appellate procedure. Indeed, it does not contain a statement of jurisdiction; a copy of the order in question; a statement of both the scope of review and the standard of review; a statement of the questions involved; a statement of the case; a summary of the argument; an argument section; a short conclusion stating the precise relief sought; the relevant trial court order; a copy of Father's 1925(b) statement; or a certificate of compliance. ***See*** Pa.R.A.P. 2111-2119. Accordingly, we are authorized by our appellate rules to quash or dismiss this appeal. ***See*** Pa.R.A.P. 2101 ("Briefs and reproduced records shall conform in all material respects with the requirements of [our]

*(Footnote Continued Next Page)*

[Whether the trial court erred in declining to exercise jurisdiction and make a custody determination regarding the Child?]

*See generally* Appellant's Brief at *2 (unpaginated).[3]

"In evaluating whether a court of this Commonwealth may [exercise jurisdiction over] a custody determination made by a court of another state, we look to the [Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA")]." *A.L.-S. v. B.S.*, 117 A.3d 352, 356 (Pa. Super. 2015). "The

_____

rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); *see also Commonwealth v. Postie*, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) ("Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court."). Indeed, "[t]his Court has held that the rules of appellate procedure are 'mandatory, not directing' and it is within our discretion to dismiss an appeal when the rules of appellate procedure are violated. However, if the failure to comply with the rules of appellate procedure does not impede review of the issues or prejudice the parties, we will address the merits of the appeal." *Jacobs v. Jacobs*, 884 A.2d 301, 305 (Pa. Super. 2005) (citation omitted). Herein, it is apparent Father is challenging the trial court's September 26, 2022 order and its decision not to exercise jurisdiction over this matter. Although we do not condone Father's failure to comply strictly with the appellate rules, the defects in Father's brief do not hinder our appellate review and, therefore, we decline to quash or dismiss the appeal. *See Barrick v. Holy Spirit Hosp. of the Sisters of Christian Charity*, 32 A.3d 800, 804 n.6 (Pa. Super. 2011) (*en banc*), *aff'd*, 91 A.3d 680 (Pa. 2014) (citations omitted).

[3] During the September 23, 2022 hearing, as well as on appeal, Father asserted that Mother failed to serve him with her July 25, 2022 petition for special relief. *See* N.T. Hearing, 9/23/22, at 3; *see also* Father's Brief at ¶ 1(a). The trial court, however, specifically found Mother's testimony credible that she did, in fact, serve her petition on Father. *See* Trial Court Opinion, 11/3/22, at 2, n.1.

purpose of the UCCJEA is to avoid jurisdictional competition, promote cooperation between courts, deter the abduction of children, avoid [the relitigation of] custody decisions of other states, and facilitate the enforcement of custody orders of other states." **Id.**

> A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

**Wagner v. Wagner**, 887 A.2d 282, 285 (Pa. Super. 2005), *quoting* **Lucas v. Lucas**, 882 A.2d 523, 527 (Pa. Super. 2005) (citation omitted).

Herein, Father argues that the trial court erred in declining to exercise jurisdiction over the instant custody dispute. In essence, Father believes that the trial court erred in concluding that it lacked jurisdiction to modify the New York custody order. We disagree.

Section 5423 provides:

> Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth may not modify a child custody determination made by a court of another state unless a court of this Commonwealth has jurisdiction to make an initial determination under section 5421(a)(1) or (2) (relating to initial child custody jurisdiction) and:
>
>> (1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 5422 (relating to exclusive, continuing jurisdiction) or that a court of this Commonwealth would be a more convenient

forum under section 5427 (relating to inconvenient forum); or

(2) a court of this Commonwealth or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state.

23 Pa.C.S.A. § 5423. Thus, to modify another state's custody determination, a court of this Commonwealth must first determine whether it has jurisdiction to make an initial determination in a custody matter pursuant to 23 Pa.C.S.A. § 5421. Section 5421 provides, in relevant part:

(a) General Rule.—Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:

(1) This Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;

(2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:

(i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and

(ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships[.]

23 Pa.C.S.A. § 5421(a)(1). A child's "home state" is defined as:

> The State in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. ... A period of temporary absence of any of the mentioned persons is part of the period.

23 Pa.C.S.A. § 5402.

Here, at the September 23, 2022 hearing, the following exchange occurred between Mother and the trial court:

> **The court:** [Mother,] at this time, where is your [Child]?
>
> **[Mother]:** New York.
>
> **The court:** How long has [the Child] resided in New York?
>
> **[Mother]:** Three and a half, four years.
>
> **The court:** Who does [the Child] reside there with?
>
> **[Mother]:** Me.
>
> **The court:** Has [the Child] resided there consistently?
>
> **[Mother]:** Yes.
>
> **The court:** Has [the Child] ever moved back to Pennsylvania?
>
> **[Mother]:** No.
>
> **The court:** When is the last time [the Child] lived in Pennsylvania?
>
> **[Mother]:** In 2017.
>
> **The court:** All right. Okay. Has [the Child] resided with you continuously since 2017?
>
> **[Mother]:** Yes.
>
> **The court:** All right.
>
> **[Mother]:** I have sole custody.

**The court:** From New York?

**[Mother]:** Yes.

N.T. Hearing, 9/23/22, at 9-10 (superfluous capitalization omitted). The trial court credited Mother's testimony and concluded that, since 2017, the Child has resided continuously with Mother in New York. **See** Trial Court Order, 9/26/22, at 1, n.1; **see also** Trial Court Opinion, 11/1/22, at 2-3. Accordingly, the Commonwealth is not the Child's home state. As such, the trial court correctly determined that it lacked jurisdiction to modify the New York custody order. **See Wagner v. Wagner**, 887 A.2d 282, 288 (Pa. Super. 2005) (holding that Pennsylvania was not "the children's 'home state,' and the trial court could not exercise jurisdiction over [the] child custody case on this basis").

Based upon the foregoing, we affirm the trial court's September 26, 2022 order granting Mother's petition for special relief, dismissing all pending petitions, and canceling the custody trial.

Order affirmed. Applications for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/22/2023</u>